RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0354-MR

PHILLIP E. EDMONDSON                                         APPELLANT

APPEAL FROM UNION CIRCUIT COURT
v.          HONORABLE C. RENE' WILLIAMS, JUDGE
ACTION NO. 20-CI-00094

DAX R. WOMACK AND WOMACK
LAW OFFICE, LLC                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Phillip E. Edmondson (Edmondson), filed a

Complaint in Union Circuit Court on August 5, 2020, against Appellees Dax R.

Womack and Womack Law Office, LLC (Womack Law). According to the circuit

court, Edmondson alleged that Appellees never returned $35,000.00 of a

$50,000.00 cash bond Edmondson assigned to Appellees. However, neither party

nor the circuit court elaborates much further concerning the underlying factual foundation of the present claim. Pursuant to the complaint, however, Appellees represented Edmondson on appeal from his criminal conviction for child sexual abuse. *See Edmondson v. Commonwealth*, 526 S.W.3d 78 (Ky. 2017) (reversed and remanded for new trial). Edmondson agreed to pay for his representation, and to protect against a potential civil claim arising from the underlying alleged crimes, by assigning a $50,000.00 cash bond to Appellees. Edmondson states that he and Appellees agreed to remit $35,000.00 of that sum to Edmondson, the difference representing counsel's fees. Thereafter, Edmondson claims that Womack informed him that he would not be receiving the remaining $35,000.00 balance because the Union Circuit Court revoked the bond and would be retaining the entire $50,000.00 sum. Instead, the record indicates that Appellees were paid the total amount. In his reply brief, Edmondson alleges that because he could not afford to pay Womack to retry his criminal case, he reluctantly entered an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

The circuit court dismissed the claim pursuant to CR[1] 12.02(f) as untimely filed under the one-year statute of limitations (SOL), KRS[2] 413.245,

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

titled "Actions for Professional Service Malpractice." *See also Seiller Waterman, LLC v. RLB Properties, Ltd.*,

> Without language restricting the application of KRS 413.245 to claims not involving malice, the plain language of the statute directs that the one-year limitation applies to *any* claim against an attorney arising out of any act or omission in rendering or failing to render professional services.

610 S.W.3d 188, 204 (Ky. 2020), *reh'g denied* (Sept. 24, 2020). *See also Abel v. Austin*, 411 S.W.3d 728, 738 (Ky. 2013) ("[W]e see no reason to believe that the General Assembly intended to subject claims of attorneys' misconduct to two different limitations periods."). Edmondson appeals to this Court as a matter of right. Our standard of review is *de novo* and further discussed in *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). For the following reasons, we affirm.

Edmondson argues that because his claim is for fraud or mistake, the court should have applied the five-year SOL under KRS 413.120. The circuit court disagreed and instead determined that "[Edmondson's] claims against [Appellees] allegedly occurred in March 2017 or earlier and the Complaint in this action was filed on August 5, 2020. [Edmondson's] claims against [Appellees] are clearly beyond the one-year [SOL] provided [under] KRS 413.245." In so holding, the court noted that Edmonson's Complaint states that "[a]t all times referenced herein, [Womack] was acting within the scope of his employment with [Womack Law]." We believe that the underlying claims at issue here clearly arose from an

attorney-client relationship between the parties.  Therefore, we agree with the circuit court that KRS 413.245 is applicable here to bar the present case as untimely filed.  For the foregoing reasons, we affirm the circuit court's order entered on February 25, 2021.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Randall C. Teague
Madisonville, Kentucky

BRIEF FOR APPELLEES:

Zack N. Womack
Henderson, Kentucky